45D01-2308-CT-000854
Filed: 8/1/2023 9:27 AM
Clerk
Lake Superior Court, Civil Division 6
Lake County, Indiana

USDC IN/ND case 2:23-cv-00298-GSL-JEM document 16 filed 08/01/23 page 1 of 7

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION |
| COUNTY OF LAKE | ) | CAUSE NO. |

| | |
|---|---|
| BRITTNEY SEMANICK, | ) |
| | ) |
| *Plaintiff*, | ) |
| vs. | ) |
| | ) |
| STATE AUTOMOBILE | ) |
| MUTUAL INSURANCE COMPANY, | ) |
| | ) |
| *Defendants*. | ) |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff, Brittney Semanick (hereinafter "Brittney" or "Plaintiff"), by counsel, for her Complaint for Damages against Defendant, State Automobile Mutual Insurance Company (hereinafter "State Auto"), alleges and asserts as follows:

PARTIES AND PROCEDURAL HISTORY

1. At all times relevant herein, Plaintiff was a dual resident of both Los Angeles County, California and Lake County, Indiana.

2. At all times relevant herein, Defendant State Auto was an Ohio corporation, conducting business in Indiana and engaged in the business of selling, among other things, personal insurance, including automobile insurance policies.

3. Brittney previously asserted claims against State Auto substantially identical to those set forth herein in a lawsuit filed on June 1, 2020 in the Los Angeles County Superior Court in California under Case No. 20STCV20627 (the "California Action"). A copy of the Complaint in the California Action is attached hereto as Exhibit A.

4. The California Action was dismissed by the Los Angeles County Superior Court based on a lack of personal jurisdiction over State Auto via a judgment entered on October 4, 2021,

–1–

which dismissal was affirmed on appeal by the California Court of Appeals via an opinion issued January 25, 2023, a copy of which is attached hereto as Exhibit B.

5. Because Brittney timely filed the California Action, and the California Action was dismissed less than three years before the filing of this action, this action is timely and any potential defenses based on the applicable statute of limitations or any contractual period of limitations are foreclosed by Indiana's Journey's Account Statute, Ind. Code § 34-11-8-1. *See, e.g., Munoz v. Woroszylo*, 29 N.E.3d 164, 168 (Ind. Ct. App. 2015).

## FACTS RELEVANT TO ALL CLAIMS

6. In the early morning hours of July 4, 2018, Brittney was crossing a street in a marked pedestrian crosswalk in or around the city of Los Angeles, California, when she was struck by a vehicle driven by a drunk driver at extremely high speed.

7. Brittney was knocked unconscious and suffered severe and permanent injuries as a result of being struck by the drunk driver, including but not limited to traumatic brain and spinal injuries.

8. The driver who struck Brittney carried automobile insurance with an applicable policy limit of only $15,000, and tendered the full $15,000 policy limit to Brittney in settlement of her claim against him.

9. However, Brittney's injuries and damages suffered as a result of being struck by the drunk driver far exceed the $15,000 policy limits from the drunk driver's insurance policy.

10. At the time of the incident on July 4, 2018, Brittney was insured under a State Auto policy, Policy No. AIN 3449094 (hereinafter, the "Policy") issued to her parents, Patty and Daniel Semanick, on February 11, 2018 and covering the policy period from March 13, 2018 through September 13, 2018. A true and correct copy of the Policy is attached hereto as Exhibit C.

11. The Policy included underinsured motorist ("UIM") coverage for bodily injury with a policy limit of $250,000 per person, in addition to medical payments coverage of $5,000 per person.

12. Because the third-party drunk driver was underinsured and had tendered his full policy limits to Brittney in settlement of her claim against him, Brittney made a claim for UIM and medical payments benefits under the State Auto Policy.

13. State Auto denied Brittney's claim, asserting that despite being a listed driver assigned to a specific vehicle under the Policy, she was not an "insured" as defined in the Policy.

## COUNT I: BREACH OF CONTRACT

14. Plaintiff adopts and incorporates all preceding paragraphs of this Complaint by reference as if fully set forth herein.

15. On or about July 4, 2018, Plaintiff Brittney Semanick was seriously injured when she was struck by a vehicle driven by Anthony Martin. Plaintiff was crossing Santa Monica Boulevard near Los Angeles, California, using a marked crosswalk. Anthony Martin failed to yield to Plaintiff, and struck her with his vehicle, causing her to suffer severe traumatic injuries.

16. Anthony Martin was insured under an automobile liability policy issued by GEICO with limits of $15,000 per person and $30,000 per accident. Following the incident, Plaintiff made a demand to GEICO to settle her claim against Anthony Martin for all available insurance limits. The $15,000 insurance policy limits were tendered on April 16, 2019.

17. At all times relevant herein, including but not limited to July 4, 2018, Plaintiff Brittney Semanick was an insured and intended beneficiary as a family member covered by the State Auto Policy issued to her parents, Daniel and Patty Semanick.

18. After the collision, Brittney gave timely notice to State Auto regarding the collision

–3–

and Brittney's claim for recovery under the underinsured motorist coverage section of her insurance policy.

19. Brittney complied with all requirements to make a claim for UIM benefits under the State Auto Policy.

20. Thereafter, by the terms of the Policy, it became the duty of State Auto to fully and adequately compensate Brittney for the expenses and damages she suffered in the collision to the extent those expenses and damages exceeded the $15,000 policy limits of Anthony Martin's insurance policy.

21. State Auto has refused to compensate Brittney fully and adequately for all of her expenses and damages sustained as a result of the collision with Mr. Martin.

22. This failure to pay Brittney's benefits pursuant to the terms of the Policy constitutes a breach of contract by State Auto.

23. As a direct and proximate result of State Auto's breach of contract, Brittney has suffered damages.

WHEREFORE, the Plaintiff, Brittney Semanick, prays for judgment against Defendant, State Automobile Mutual Insurance Company, in an amount commensurate with her injuries and damages, for prejudgment interest on any award of damages at the highest applicable rate, for the costs of this action, and for all other just and proper relief in the premises.

## COUNT II:
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

24. Plaintiff Brittney Semanick adopts and incorporates all preceding paragraphs of this Complaint by reference as if fully set forth herein.

25. The State Auto Policy issued to Brittney's Parents covered five vehicles owned by Brittney's parents.

26. The State Auto Policy, by its terms, applies to "accidents and losses which occur . . . [w]ithin the policy territory," which the Policy defines to include the entire United States.

27. The State Auto Policy, by its terms, provides coverage to those deemed to be an "Insured" under the terms of the Policy. The Policy defines "Insured" to include Brittney's parents and any "family member," which is defined as "a person related to you by blood, marriage, or adoption who is a resident of your household."

28. State Auto assigned a "principal driver" to each of the five vehicles covered by the Policy, including Brittney, each of her parents, and her siblings Brent Semanick and Brianne Semanick.

29. The premiums for liability and medical payments (*i.e.* the portions of the premiums not related to the value of the insured vehicle itself) for the vehicle assigned to Brittney were higher than the corresponding premiums for the vehicles assigned to her parents. In other words, Brittney's parents were required to pay higher premiums to State Auto because Brittney was listed as a driver on their policy.

30. The declarations page of State Auto's Policy states in relevant part that "THE PREMIUM FOR YOUR POLICY IS BASED ON THE RESIDENTS IN YOUR HOUSEHOLD DECLARED ON THE ORIGINAL APPLICATION OR OTHERWISE REPORTED TO YOUR AGENT." (capitalization in original).

31. Thus, upon information and belief, State Auto charged higher premiums to Brittney's parents based on Brittney's status as a resident of their household.

32. Nonetheless, when Brittney needed the protection promised by her parents' State Auto Policy the most, State Auto opened an investigation seeking a way to deny her claim by asserting that she was *not* a resident of her parents' household.

33. Indiana law requires that in order to void or rescind a policy of insurance, an insurer must demonstrate that it issued the policy in reliance on a material misrepresentation of fact by the insured, and must offer to return the premiums it has collected from the insured within a reasonable time after the discovery of the alleged misrepresentation. *Dodd v. Am. Family Mut. Ins. Co.*, 983 N.E.2d 568, 570 (Ind. 2013). "Failure to offer such return of premiums, or if refused, to pay it into court, constitutes a waiver" of any opportunity to rescind the policy based on the alleged misrepresentation.

34. Despite asserting that Brittney was not a resident of her parents' household and therefore not an insured covered by the State Auto Policy, State Auto has never offered to refund any of the premiums it had charged to insure Brittney under the State Auto Policy in the nearly five years since it denied Brittney's claim based on the assertion that she was no longer a resident of her parents' household.

35. Thus, State Auto has waived any potential right to deny Brittney's claim or rescind in whole or in part the Policy covering her, as it has failed to return the premiums it collected to insure Brittney within a reasonable time after conducting its investigation into her residency.

36. In short, when State Auto was collecting its premiums, it deemed Brittney a resident of her parents' household so that it could charge her parents more money for coverage. But when it came time for State Auto to make good on its promise to cover Brittney for the catastrophic injuries she suffered due to the negligence of an underinsured drunk driver, State Auto then decided that Brittney wasn't a resident of her parents' household so that it could deny her claim. Yet despite denying the Brittney was covered under the Policy, State Auto failed to return the premiums it had charged to cover Brittney under the Policy.

37. As an insured under State Auto's Policy, State Auto owed Brittney the same duty of good faith and fair dealing it owed to her parents as the named policyholders. *See Schmidt v. Allstate Prop. & Cas. Ins. Co.*, 141 N.E.3d 1251, 1258 (Ind. Ct. App. 2020).

38. State Auto's conduct constitutes a breach of the implied covenant of good faith and fair dealing inherent in every insurance contract under Indiana law.

39. Specific acts of bad faith by State Auto include, but are not limited to, making an unfounded refusal to pay policy proceeds and causing an unfounded delay in making payment. *See Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 519 (Ind. 1993).

WHEREFORE, the Plaintiff, Brittney Semanick, prays for judgment against Defendant, State Automobile Mutual Insurance Company, in an amount commensurate with her injuries and damages, for punitive damages in an amount appropriate to punish the Defendant's bad faith and discourage future breaches of the duty of good faith and fair dealing, for prejudgment interest, for the costs of this action, and for all other just and proper relief in the premises.

## REQUEST FOR JURY TRIAL

Plaintiff, Brittney Semanick, by counsel, respectfully requests trial by jury of all issues so triable.

Respectfully submitted,
YOSHA COOK & TISCH

*/s/* Alexander C. Trueblood
Brandon Yosha, No. 36138-29
Alexander C. Trueblood, No. 31804-49
YOSHA COOK & TISCH
9102 N. Meridian Street, Suite 535
Indianapolis, IN  46260
Tel: 317.334.9200
Fax: 317.315.5143
byosha@yoshalaw.com
atrueblood@yoshalaw.com