UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **BRITTNEY SEMANICK,** | ) |
| **Plaintiff,** | ) |
| v. | ) 2:23CV298-PPS/JEM |
| **STATE AUTOMOBILE MUTUAL INSURANCE COMPANY,** | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

On July 4, 2018, Brittney Semanick was crossing a street in Los Angeles, California when she was struck by a drunk driver and severely injured. She brought a claim for underinsured motorist coverage against State Automobile Mutual Insurance Company in Los Angeles County Superior Court on June 1, 2020, and the case has been stuck in a procedural snarl ever since.[1] On or about September 17, 2020, the insurer removed the case to the U.S. District Court for the Central District of California on the basis of diversity jurisdiction. The federal court promptly remanded the case to Los Angeles County after finding that the insurer's allegations of Semanick's citizenship were inadequate to satisfy its burden of showing that diversity jurisdiction existed to support the removal. Back in Los Angeles County Superior Court, the case was dismissed on October 4, 2021, for lack of personal jurisdiction over the insurer. That dismissal was affirmed by the California Court of Appeals on January 25, 2023.

---

[1] Semanick claimed coverage as a "resident-relative" under an insurance policy issued by State Auto to her parents, Patty and Daniel Semanick, Indiana residents.

Semanick then refiled her claim against State Auto in the Superior Court of Lake County, Indiana on August 1, 2023. Her Lake County complaint invokes Indiana's so-called Journey's Account Statute, Ind. Code §34-11-8-1 to foreclose "any potential defenses based on the applicable statute of limitations or any contractual period of limitations." [DE 1-1 at ¶5.] The historical origins of such statutes were explained by Justice Gorsuch in a dissent in *Artis v. District of Columbia*, 583 U.S. 71, 95-96 (2018): such "grace periods appear to find their roots in a common law rule known as the 'journey's account' that expressly sought to account for and afford to a dismissed party 'the number of days which [he] must spend in journeying to the court' to refile his claim." (Quoting 37 C.J., Limitations of Actions §526, p. 1082 (1925).) Modern-day "Journey's Account" statutes are tolling provisions that "seek[] to provide the plaintiff who finds her case dismissed because she filed in the wrong court a reasonable grace period to journey to the right court to refile." *Id*. at 96. [2]

Again the insurer has removed the case to federal court, invoking the court's diversity jurisdiction. Now before me are two motions. Semanick has moved to remand

---

[2] The Indiana Code's Journey's Account provision reads:

**34-11-8-1 New action; continuation of action**
Sec. 1. (a) This section applies if a plaintiff commences an action and:
    (1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;
    (2) the action abates or is defeated by the death of a party; or
    (3) a judgment is arrested or reversed on appeal.
(b) If subsection (a) applies, a new action may be brought not later than the later of:
    (1) three (3) years after the date of the determination under subsection (a); or
    (2) the last date an action could have been commenced under the statute of limitations governing the original action;
and be considered a continuation of the original action commenced by the plaintiff.

the case, arguing that State Auto's Indiana removal is untimely and is otherwise barred by the "law of the case" doctrine. State Auto has filed a motion for judgment on the pleadings, arguing that the California court's dismissal with prejudice precludes Semanick from re-filing her case in Indiana and proceeding here.

Timeliness of Removal

Semanick contends, quoting §34-11-8-1, that her Indiana action is "considered a continuation of the original action commenced by the plaintiff." [DE 9 at ¶7.] On that theory, Semanick argues that State Auto's removal from Lake County in September 2023 ran afoul of both 28 U.S.C. §1446(b)(1) and (c)(1).

State Auto's first response to Semanick's timeliness arguments is a general one: that a state statute cannot be relied on to defeat removal. [DE 11 at 1.] For this broad proposition, the insurer cites the introductory clause of the removal statute, 28 U.S.C. §1441(a): "*Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...." (*emphasis added*). [DE 11 at 4.] State Auto cites no caselaw to support this questionable bit of statutory interpretation.

In reply, Semanick is ready with contrary authority. In *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 628-29 (7th Cir. 2007), the Seventh Circuit examined Indiana law to determine what constituted the "initial pleading" for purposes of the timeliness of removal under §1446, noting that "[b]ecause federal procedure does not apply until removal occurs, FED.R.CIV.P. 81(c), we apply state rules to preremoval conduct."

3

Similarly here, Indiana law governs the determination of what constitutes "the initial pleading setting forth the claim for relief" for purposes of §1446(b)(1) and "commencement of the action" for purposes of §1446(c)(1). Nonetheless, I still don't find application of the Journey's Account statute significant to the timeliness analysis.

Section 1446(b)(1) provides that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief...." Obviously State Auto did not file its Indiana removal within 30 days of the filing of the California complaint in 2020. Even more obviously, the case could not then have been removed to this district. But State Auto did then file the only notice of removal it could, to the U.S. District Court for the Central District of California, and there has been no suggestion that it was not timely done. There is also no assertion that State Auto's notice of removal to this court was not filed within 30 days of its receipt of the Lake County complaint.

*Price* is not on point in its particulars, as it involved the re-filing of a voluntarily-dismissed prior action. For what it's worth, *Price* held that in such circumstances, the new lawsuit "'stands as if it had not been dismissed.'" *Id*. at 629, quoting *Waitt v. Waitt*, 429 N.E.2d 6, 7 (Ind.App. 1981). Semanick argues that likewise in this case, "the procedural obligations of the parties pick up exactly where they left off." *Id*. at 629. But State Auto did timely remove, both in California and in Indiana. I am not persuaded that State Auto can be faulted under §1446(b)(1).

4

For her other timeliness argument, Semanick suggests that §1446(c)(1) requires any diversity removal to occur "no later than one year after the commencement of the action." [DE 9 at 2.] This is an incomplete, and therefore inaccurate, reading of the limitations of §1446(c)(1), however. That provision expressly applies to removals under "subsection (b)(3)." Section 1446(b)(3) addresses removals of cases in which the initial pleading was not removable, but a "subsequent amended pleading, motion, order or other paper" first reveals the basis for removal. That is not the situation presented in this case. Semanick does not succeed in demonstrating that the case should be remanded to Lake County as untimely removed.

Law of the Case

Semanick's "law of the case" argument is that, since State Auto's attempt at removal already failed in California, the same procedure cannot be tried a second time. Semanick cites *Benson v SI Handling Systems, Inc.*, 188 F.3d 780, 783 (7th Cir. 1999). There the Seventh Circuit held that although multiple attempts to remove a civil case are not *per se* forbidden, "even non-appealable orders are law of the case and may be revisited only when intervening events justify that step." *Id*. at 783. Such an intervening event "open[s] a new 30-day window for removal under §1446(b)." *Id*. In *Benson*, the intervening event making a second removal permissible was the plaintiffs' concession that they sought more damages than the jurisdictional minimum. *Id*.

The Third Circuit has held that if the defendant "is neither appealing the first remand order nor seeking a second removal based on the same grounds as the first" a

5

second removal may be permitted. *Doe v. American Red Cross*, 14 F.3d 196, 200 (3rd Cir. 1993) (finding no cases that preclude a defendant from seeking re-removal "based on grounds different than the first removal"). The Third Circuit's analysis, like the Seventh Circuit's, suggests that a second removal is not permitted when based on the same ground as a previously unsuccessful attempt.

But *Benson* and the *Red Cross* case both involve a second attempt to remove the same proceeding from the same state court to the same federal district court. Here Semanick's case has been refiled in a different state. In the California proceedings, State Auto alleged that Semanick was a citizen of Indiana, and the district court remanded the case finding the allegations of citizenship inadequate.[3] Here State Auto again invokes diversity of citizenship as the basis for removal, this time alleging that Semanick is a citizen of California. [DE 1 at ¶3, 4.] As *Benson* observed, "[n]othing in [28 U.S.C.] §1446 forecloses multiple petitions for removal." *Id.*, 188 F.3d at 782. In my view, the refiling of the case in a different state and the change in State Auto's allegations of Semanick's citizenship are events sufficient to permit the notice of removal here. Semanick does not dispute that her citizenship is in fact diverse from State Auto's, and I won't remand the case on the basis of obscure procedural rulings of decades ago that I find to be inapplicable to the circumstances presented here. Semanick's motion to remand will be denied.

---

[3] No one filed a copy of here, or requested that I take judicial notice of, the California district court's remand order, but it is appropriate for judicial notice. *Spiegel v. Kim*, 952 F.3d 844, 847 (7th Cir. 2020); *In the Matter of Lisse*, 905 F.3d 495, 496 (7th Cir. 2018).

Motion for Judgment on the Pleadings

State Auto has filed a motion seeking judgment on the pleadings because Semanick's California complaint was dismissed "with prejudice" by the Los Angeles County Superior Court, and that decision was affirmed on appeal. [DE 15 at 1.] The problem for State Auto's argument is that the dismissal was for lack of personal jurisdiction, which should have been a dismissal without prejudice. Semanick's way of addressing this is to assert that the Los Angeles Court had no power to render a judgment on the merits against a defendant over which it had no personal jurisdiction, and a judgment so rendered in violation of due process is not entitled to full faith and credit in a different forum. [DE 20 at 2.]

Semanick cites California's applicable Code of Civil Procedure provision, as well as both California and Indiana cases holding that dismissals for lack of jurisdiction are without prejudice and have no res judicata effect. [*Id*. at 3-5.] Section 581 of the Cal.C.C.P. provides that a court may "dismiss without prejudice the complaint in whole, or as to that defendant, when dismissal is made pursuant to Section 418,10." Section 418.10(a)(1) lists the type of motion that was granted against Semanick, a motion to "quash service of summons on the ground of lack of jurisdiction of the court over him or her," or in the case of State Auto, "it." Citing these same procedural rules, the California Court of Appeal has observed that "[s]uch a dismissal on jurisdictional grounds is without prejudice as to the merits of the substantive claims" and the plaintiff "is not thereby precluded from thereafter maintaining an action on the original cause of

action[.]" *Jaisinghani v. U.S. Bank Nat'l Ass'n*, No. B283553, 2018 WL 3723588, *4 (Cal.Ct.App. Aug. 6, 2018) (internal citation omitted).

The Indiana courts have similarly held that "a dismissal for lack of jurisdiction is without prejudice, and generally is without res judicata effect." *Stocker v. Cataldi*, 521 N.E.2d 716, 718 (Ind.Ct.App. 1988). The Seventh Circuit has also made it plain, describing dismissals for lack of personal jurisdiction as "*necessarily* without prejudice" and "leaving open the possibility that the parties may pursue the dispute in another forum." *Lauderdale-El v. Indiana Parole Board*, 35 F.4th 572 (7th Cir. 2022) (emphasis added)..

I am not persuaded to give preclusive effect to what was clear error in the label given to the dismissal by the California court. To do so would elevate form over substance and deprive Semanick of her day in court on the basis of an indisputable error that may even have been merely typographical. And as Semanick points out, the full faith and credit obligation invoked by State Auto has been described by the Supreme Court as "exacting" when it comes to judgments. *Baker by Thomas v. General Motors Corp.*, 522 U.S. 222, 233 (1998). A final judgment "qualifies for recognition throughout the land," only "if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment." *Id*. The conclusion of the California Court of Appeal's opinion acknowledged that it would be unconstitutional for the California courts to proceed to the merits: "we conclude that the exercise of jurisdiction over respondent under the specific circumstances of this case is inconsistent with the

8

constitutional limits on judicial power." [DE 16-4 at 8.]  The courts of California had authority to determine the issue of their personal jurisdiction over State Auto, but once they found they had none, the recognition that they lacked authority to proceed to the merits of the case means the dismissal could not preclude Semanick from pursuing her case elsewhere.

For the first time in its reply brief, State Auto argued that because Semanick did not specifically challenge the "with prejudice" nature of the California dismissal, she waived the opportunity and is stuck with its impact.  [DE 25 at 4.]  Because I am not persuaded that the "with prejudice" language precludes Semanick's Indiana action, whether she appealed it in California is of no consequence to my present decision.  I also note that arguments cannot be raised for the first time in reply briefs, affording the opponent no opportunity to respond.  *See, e.g., United States v. Williams*, 85 F.4th 844, 849 (7th Cir. 2023).  State Auto's motion for judgment on the pleadings will be denied.

**ACCORDINGLY:**

Plaintiff Brittney Semanick's Motion to Remand to State Court [DE 9] is DENIED.

Defendant State Automobile Mutual Insurance Company's Motion for Partial Judgment on the Pleadings [DE 15] is DENIED.

**SO ORDERED.**

ENTERED:  February 5, 2023.

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**

9